■ DONALD J. CAGGIANO, Appellant, v. ARTHUR POMER, Respondent.— In an action by a vendee to recover damages for alleged breach of a contract to sell certain real property, plaintiff appeals from an order of the Supreme Court, Westchester County, entered June 28, 1973, which denied his motion for summary judgment. Order reversed, on the law, with $20 costs and disbursements, motion granted on the question of liability only, and an assessment of damages is directed. We find that there is no triable issue as to defendant's breach of the contract. However, an assessment of damages is necessary to determine plaintiff's loss of bargain. Martuscello, Acting P. J., Latham, Munder and Shapiro, JJ., concur; Benjamin, J., dissents and votes to affirm, with the following memorandum: This is an action to recover damages for breach of a contract for the sale of real property. Plaintiff seeks the sum of $40,000, which represents the difference between the contract price and the current fair market value, plus miscellaneous additional expenses. Defendant operated an American Oil Company (hereinafter referred to as Amoco) service station. The parcel of property in question was a service station which had been leased to Amoco with an option to purchase. Amoco made an offer, subject to approval by its home office, to assign the lease and purchase option to defendant. Thereafter, defendant, representing that he had a contract to acquire the property from Amoco, agreed to sell the property to plaintiff. The contract reads in relevant part as follows: " The Seller represents that the premises described herein

are under contract to purchase by the Seller from The American Oil Company and the within contract is subject to and conditional upon the Seller acquiring the title and ownership of the said premises together with the fixtures and equipment, which title and ownership the Seller agrees to take all necessary action to acquire. * * * In the event that the seller is unable to convey title in accordance with the terms of this contract other than for failure to take all necessary action to acquire title the sole liability of the seller will be to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title". Amoco assigned its lease and right to purchase to an unrelated third party, thus preventing defendant from fulfilling his contractual obligation to plaintiff. This resulted in the instant litigation. In my opinion, there are factual issues as to (1) the parties' understanding of defendant's representation of his "contract to purchase" and (2) whether defendant took all necessary action to acquire title. Clearly, summary judgment does not lie in this case.